LEMUEL W. PETRIE *v.* JOHN DOE, ex dem. R. B. WOFFORD, and WRIGHT FORE.

1. COMMISSIONERS OF PUBLIC BUILDINGS.—Less than a majority of the whole number of commissioners appointed, by an act of the legislature, for the purpose of settling and making titles to land belonging to a county, as a fund for the erection of public buildings, cannot execute a deed so as to vest the legal title in the grantee.
2. SAME.—Commissioners of public buildings, appointed by the Board of Police, "for the purpose of building a jail," can exercise no powers except those incident to the business for which they are specially appointed; they cannot, therefore, execute a valid deed, conveying title to land, sold for the use of their county, by commissioners appointed by an act of the legislature for that purpose.

IN error to the Circuit Court of Rankin county.    Hon. W. P. Harris, judge.

For the facts, reference is made to the opinion of the court.

*Geo. S. Yerger*, for plaintiff in error,

Cited, 13 Johns. Rep. 290; 7 Yerger, 384; 2 Ib. 403; 2 Rand. 306; 7 S. & M. 130; 11 Ib. 422; Pamphlet Acts of 1830, 173; Hill on Trustees, 316; 7 Term Rep. 118, 123; 2 Ib. 684; 9 Cow. 86.

*J. F. Fonte, contra*,

Cited, Laws of 1828, p. 116; Laws of 1830, p. 176, 177; Laws of 1839, p. 355.

HANDY, J., delivered the opinion of the court.

It appears by the record, that Rollins B. Wofford, in September, 1828, purchased the lot of ground in controversy, at a public sale made by John Brown, William Steen, and Elijah Gentry, who had been appointed, by an act of the legislature, passed in February in that year, commissioners to fix a site for a court house and jail, for Rankin county, to receive, by donation or purchase, a parcel of land for that purpose, and to sell the same on credit, in furtherance of that object: that he removed from this state in the year

1839, or 1840, and in June, 1849, he executed an instrument of writing, reciting his purchase of the lot and payment of the purchase-money, and authorized the commissioners of public buildings for Rankin county, to execute a conveyance of the lot to Wright Fore. It appears that on the first day of August, 1849, at a meeting of the board of police, E. H. Lombard, and James Finley, were appointed commissioners of public buildings for that county, and qualified as such; and on the 9th November, 1849, they executed a deed of quitclaim and release, of the lot of ground, to Wright Fore, reciting the purchase of Wofford, and his payment of the purchase-money, and his written authority to them, above mentioned.

The plaintiff also showed a regular title from the United States to the party by whom the land was conveyed to the commissioners in 1828.

The defendant showed that the lot in controversy was sold by the father of Rollins B. Wofford, in the early part of the year 1830, to one Myers, who took possession about the month of March or April, in that year, claiming title and holding adversely, with the knowledge and consent of the plaintiff's lessor, R. B. Wofford; and, he being a minor, it was agreed that his father, Daniel Wofford, who was a man of property, should execute the deed, with warranty of title, which was done on the 16th September, 1830, the purchase-money being paid to Daniel Fore and R. B. Wofford, who were in possession of the land when the purchase was made; that Wofford never afterwards set up any claim to the lot, but acquiesced fully in the title of Myers, until he executed the authority above mentioned, to the commissioners to execute a deed to Wright Fore : that Myers, and those claiming title by regular conveyances from or under him, have had uninterrupted possession ever since, claiming title.

At the February session, 1830, the legislature passed an act, appointing Thomas Haley, Hamilton Cooper, Beesley Campbell, Shadrack J. Denson, and James Gourley, commissioners of public buildings for Rankin county, in the place and stead of the three commissioners named in the above-mentioned act of 1828, vesting them with full power to carry out the provisions of that act, and

providing that if any of them should fail to accept the office, or to qualify, the County or Probate Court should fill such vacancy, or any that might occur by death, resignation, or otherwise; and it was in evidence, by Shadrack J. Denson, that he qualified and acted as such commissioner, and had never resigned the office, or been removed from it.

By the act of the legislature, passed in February, 1839, the commissioners of public buildings of Rankin county, were empowered to make good and legal titles for lots theretofore sold in the town of Brandon, when the claimant should prove, to their satisfaction, the payment of the purchase-money, and a fair and regular transfer from the original purchaser.

Under these facts, the question that lies at the foundation of the plaintiff's title is, whether the deed executed by Lombard and Fore, was sufficient to convey the title claimed under it in this action.

By the act of 1830, five commissioners of public buildings were appointed, and the act of 1828, appointing three commissioners, was virtually repealed. The act of 1839 merely gives to the commissioners of public buildings for Rankin county, the power to make legal titles to lots previously sold, and it must be intended that such commissioners were referred to as were authorized by the law then existing, to act as such. That law was the act of 1830, providing for the appointment of five commissioners.

It appears, by the record, that one of the commissioners appointed by that act, if not the others, had accepted the trust, and was qualified and acted as a commissioner, and had never resigned or been removed from office, when Lombard and Finley were appointed commissioners by the board of police.

It appears to be the plain requirement of the act of 1830, that there should be five persons to constitute the commissioners of public buildings; and it is clear that less than a majority of that number would be incompetent to act, in relation to the matters contemplated by that act, and by the first section of the act of 1839, above referred to. If, then, the appointment of Lombard and Finley, be taken as an act independent of the acts of 1830 and 1839, it is clear that that appointment would not vest them with

the power to make the deed under consideration. But if the appointment was made with reference to those acts, and in order to fill vacancies in the commission, which had been occasioned by death, resignation, or otherwise, it appears that Denson, one of the original commissioners, was then living, and had never resigned or been removed from office; and it must also be taken, in this view, that two of the other original commissioners were living and in office, because two only were appointed to fill vacancies. This view is equally fatal to the validity of the deed, because it is executed by two commissioners, when it was necessary that at least three of them should have joined in it.

In addition to this, it appears by the record, that Lombard and Finley were appointed by the board of police, "Commissioners of public buildings, *for the purpose of building a jail*" in Rankin county. Their powers were special, and confined to the purpose for which they were appointed; and their appointment vested them with no power whatever to execute deeds for lots sold under the acts of 1828 and 1830, unless made for the purpose of filling vacancies, under the provisions of the latter act; and the record shows that the appointment was made for a wholly different purpose.

It follows, therefore, that the deed under which the lessors of the plaintiff claimed title, was made without authority, and that no title passed by it. And this defect in the plaintiff's title renders it unnecessary to consider other grounds taken for the reversal of the judgment.

Judgment reversed, and cause remanded.